

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAYLEY CHARMAINE TICE, individually and on behalf of a class of similarly situated individuals, | No.    20-55432 |
| | D.C. No. 5:19-cv-01311-SVW-KK |
| Plaintiff-Appellee, | |
| v. | |
| | MEMORANDUM[*] |
| AMAZON.COM, INC.; A2Z DEVELOPMENT CENTER, INC., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 2, 2021
San Francisco, California

Before:  RAWLINSON and BUMATAY, Circuit Judges, and EATON,[**] Judge, United States Court of International Trade.
Concurrence by Judge BUMATAY; Dissent by Judge EATON

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Appellants Amazon.com, Inc. and A2Z Development Center, Inc. (collectively, Amazon) appeal the district court's denial in part of their motion to compel arbitration. Appellee Hayley Charmaine Tice (Tice) filed a class action complaint alleging that she and other class members were injured because Amazon's voice-activated device, Alexa, recorded Tice's communications without her consent. Tice alleged that Amazon violated the California Invasion of Privacy Act (CIPA) because it "creat[ed] permanent recordings of [Tice's] and the Class Members' voices and Alexa communications," and "intentionally and without the consent of all parties to a confidential communication used an electronic amplifying or recording device to record the confidential communication." Tice further alleged that Amazon invaded her privacy in violation of California law "[b]y using its Alexa devices to record, store, analyze, and use the voices and communications of [Tice] and the Members of the Class without their knowledge or consent."

Although not alleged as separate claims in Tice's complaint, the district court divided Tice's factual allegations into "three scenarios": (1) Tice's intentional use of Alexa devices, (2) background recordings that occurred when another user activated Alexa, and (3) "surreptitious recordings" when "Alexa sporadically record[ed] conversations without prompting and permission from

anyone in the household." The district court concluded that Tice was required to submit her intentional use and background recording claims to arbitration, but her claim premised on "surreptitious recordings" was not subject to arbitration.

The district court erred in holding that Tice's "surreptitious recording" claim was not subject to arbitration. The district court determined that Amazon's terms of use and conditions of use "contain[ed] facially valid arbitration clauses," and recognized that incorporation of the American Arbitration Association (AAA) rules delegated to the arbitrator the determination of whether Tice's intentional use and background recording claims were covered by the agreement. The district court held that, because her husband agreed to the terms of use and conditions of use for Alexa, Tice was equitably estopped under California law from avoiding arbitration. After determining that Tice was compelled to arbitrate her other claims, the district court did not analyze whether the arbitration clauses similarly delegated the threshold question of the arbitrability of Tice's "surreptitious recording" claim. To the extent that the district court held that Tice's CIPA claim was not subject to arbitration because Amazon's conduct was purportedly "criminal in nature," this reasoning was erroneous. Tice alleged civil claims and sought civil remedies under the CIPA, and arbitrators are not precluded from considering whether such claims are subject to arbitration. *See Shearson/Am.*

3

*Express Inc. v. McMahon*, 482 U.S. 220, 239-40 (1987) (concluding that statutory criminal provisions "do not preclude arbitration of bona fide civil actions").

Finally, the district court narrowly construed the arbitration clauses as limited to Tice's "use" of the Alexa devices. However, the arbitration clauses apply to "*any dispute* or claim *relating in any way* to . . . use of any Amazon Service, or to *any products* or *services* sold or distributed by Amazon or through Amazon.com" and to "[a]ny dispute or claim arising from or *relating to* this Agreement or *Alexa*"). As a result, it is for the arbitrator to decide whether Tice's "surreptitious recording" claim is beyond the scope of any arbitration. *See Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1091 (9th Cir. 2018) (articulating that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration") (citation and alteration omitted).

**REVERSED and REMANDED.**

FILED

FEB 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Tice v. Amazon.com Inc.*, No. 20-55432
BUMATAY, Circuit Judge, concurring in the judgment:

I agree with Judge Rawlinson's well-reasoned decision. Nevertheless, I concur only in the judgment as I believe Tice's claim as it relates to "surreptitious recordings" suffers from a jurisdictional defect. Nowhere in her Complaint does she allege that she was recorded surreptitiously without her or someone else intentionally using Alexa. As a result, she hasn't alleged an injury-in-fact to assert an independent claim for "surreptitious recordings." *See Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019) (holding that "[a] plaintiff must establish standing for every claim" under Article III). Accordingly, I concur in the judgment of the court only.

1

FILED

FEB 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Tice v. Amazon.com Inc.*, No. 20-55432
EATON, Judge, United States Court of International Trade, dissenting:

Because no contract was formed, between Amazon and Plaintiff, requiring arbitration of the alleged claims for damages resulting from surreptitious recordings, I respectfully dissent.

The only way in which Plaintiff, a non-signatory, could be bound to the Alexa Terms of Use would be under the theory of equitable estoppel. To comply with the Federal Arbitration Act, a District Court must determine (1) whether a valid agreement to arbitrate was formed between Plaintiff and Amazon, and (2) whether Plaintiff's claims were encompassed by the agreement. *See, e.g.*, *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 564-65 (9th Cir. 2014); *see also* 9 U.S.C. § 2. Merely because a valid agreement could be found between the actual signatory (Plaintiff's husband) and Amazon with respect to the subjects encompassed by some of Plaintiff's claims, it does not follow that the doctrine of equitable estoppel compels arbitration of all of her claims.

The claims arising from alleged surreptitious recordings result from the functioning of the Alexa device in ways that are not only unanticipated in the contract itself, but that Amazon insists did not even occur. That is, Plaintiff alleges that Alexa sometimes makes recordings, and conveys those recordings to Amazon for commercial use, when nobody has activated the device. Only a strained parsing of the contract could result in a finding that these claims resulted from a use of the

1

Alexa device, or force a nonsignatory into arbitration to resolve them. As the District Court recognized, it would be inequitable to bind a non-signatory to limitless terms in an adhesion contract based solely on her marital relationship with the signatory. Equity requires more. Thus, even if a valid contract could be found between the non-signatory Plaintiff and Amazon, Plaintiff's claims are not encompassed by that contract and need not be arbitrated. *See, e.g.*, *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1095 (9th Cir. 2020) (citation omitted) (cleaned up) ("[W]here [Plaintiff's] allegations reveal no claim of any violation of any duty, obligation, term or condition imposed by the [contract] and there is no claim founded in or even tangentially related to any duty, obligation, term or condition imposed by the [contract] . . . the claims are fully viable without reference to the terms of [the contract] and equitable estoppel does not apply."); *see also* 9 U.S.C. § 2.

As to standing, the majority necessarily finds that there is no jurisdictional defect in Plaintiff's complaint. I agree. To establish injury in fact at the pleading stage, "both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). Here, the separation of the types of recording was a construction of the District Court, not Plaintiff. Plaintiff's complaint alleged that she and other class members were recorded without their knowledge or consent, an

2

allegation that covers all of the ways in which Amazon's Alexa device might have made recordings, *i.e.*, surreptitious and non-surreptitious. The District Court's separation of the different types of recording was a part of its factual analysis when determining which of Plaintiff's claims were encompassed by the arbitration agreement. This separation has no bearing on Plaintiff's standing to proceed. Because she has alleged that she was recorded without her knowledge or consent, Plaintiff has alleged an injury in fact sufficient to establish Article III standing for all of the types of recording identified by the District Court. I would affirm.